BIM, Appellant, v. STEVENS-OVERLAND COMPANY, Respondent.

(205 N. W. 220.)

(File No. 5363.    Opinion filed September 18, 1925.)

**Sales—Contracts—Rescission—Conditional Sales—Trial—Contract of Sale Governs Where Record Has No Showing of Other Evidence.**

> In an action to rescind conditional sale contract on ground that automobile purchased was warranted model 1920, but was in fact 1919, contract describing it as model 4, sedan body, and providing no warranties made in reference to property to the purchaser unless expressly written therein the day of purchase, court will properly direct verdict for defendant, where there is no showing in the record that there was any further description or warranty than contained in the contract.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

Action by S. J. Bim against the Stevens-Overland Company. Judgment for defendant, and plaintiff appeals. Affirmed.

*Berdahl & Hyland,* of Sioux Falls, for Appellant.

*Bailey & Voorhees,* of Sioux Falls, and *C. R. Keister,* of Mitchell, for Respondent.

POLLEY, P. J.  Plaintiff purchased an automobile from defendant on a "conditional sale" contract. The contract price was $700. Plaintiff traded in another car at the agreed price of $400, and signed and delivered three promissory notes for $100 each for the balance of the purchase price, and title to the car was to remain in the defendant until the notes were fully paid. Plaintiff alleges in his complaint that defendant "warranted the said automobile to be a model 4 sedan for the year 1920," and that he, plaintiff, entered into the contract on the strength of such warranty; that after making the contract he "discovered that the said car is not a 1920 model, but is a 1919 model, and that by reason thereof it was not fit and suitable for the purpose for which it was purchased, and that immediately upon the discovery by the plaintiff that the said car was a 1919 model, the same was returned to the defendant, the contract of sale was rescinded, and that the car was received and accepted by the defendant." Plaintiff then

asks for judgment for the $400 he haid paid on the purchase price, for $100 he had paid for repairs on the car, and that the three notes he had given be canceled and returned to him.

Defendant admitted the making of the contract, denied the warranty alleged by plaintiff, and alleged that plaintiff failed to pay the said notes when due, and that it took possession of and sold the car pursuant to the terms of the contract of sale.

At the close of the trial the court directed a verdict for defendant, and plaintiff appeals.

The contract of sale, which is set out in full in the record, describes the car in question as follows: "Model 4, sedan body," and contains the following provisions:

"This agreement and the said notes constitute the entire contract between the parties, and no waiver or modification of the terms or conditions shall be valid unless written upon or attached to this contract. No warranties have been made in reference to said property by the seller to the purchaser unless expressly written hereon at the date of purchase."

The record purports to set out the evidence taken at the trial, but there is no showing of any kind that there was any other or further description or warranty of the car than that contained in the contract of sale; therefore there was no ground shown that entitled the plaintiff to rescind the contract, and the trial court was fully warranted in directing a verdict for defendant.

The judgment and order appealed from are affirmed.